IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID KUBAITIS, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: |
| | ) |
| v. | ) JUDGE: |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Defendant, Walmart Inc.[1], incorrectly identified in the Complaint as Walmart, Inc., pursuant to 28 U.S.C. §1332, 1441 and 1446, *et seq.*, hereby submits this Notice of Removal with respect to the above-captioned action, which was filed in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV 23-973947. In support of this Notice of Removal, Walmart avers the following:

### Timeliness and Background

1. On January 18, 2023, Plaintiff David Kubaitis ("Plaintiff") commenced a civil action against Walmart by filing a Complaint in the Court of Common Pleas of Cuyahoga County, Ohio. The lawsuit is recorded on the court's docket as Case No. CV 23-973947 (hereinafter referred to as the "State Court Action").

2. Walmart was provided notice of the State Court Action on January 27, 2023. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and complaint served on Walmart, which constitute "all summons, pleadings, and orders" served upon Walmart in the State

---

[1] The proper legal name for Defendant is Walmart Inc.

Court Action, are attached hereto as Exhibit A. Because Walmart has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. §1446(b).

3. Plaintiff was employed by Walmart until on or about April 2022 when he was terminated. (Compl. at ¶5, 14). Plaintiff alleges that Walmart unlawfully discriminated against him because of his age, sex and race. (Compl. at ¶17). Plaintiff alleges Walmart is liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, expenses, and any equitable relief that the Court deems appropriate. (Compl. at ¶19). Plaintiff seeks to recover damages from Walmart on his discrimination claim and has plead damages of over $25,000 for past and future economic and non-economic compensatory damages, including, but not limited to pain and suffering, back pay, front pay, fringe benefits, consequential damages, special damages, incidental damages, punitive damages, interest, attorneys' fees, expenses, all fees and costs and any additional equitable relief that the Court deems appropriate, including, but not limited to, reinstatement and promotion. (Compl. at Prayer for Relief).

## This Case Is Removable Based Upon Diversity Jurisdiction

1. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

2. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

3. In this case, both the "diversity" and "amount in controversy" requirements are met.

## The Parties Are Diverse

4. Upon information and belief, Plaintiff is a citizen of Ohio.

5. Walmart is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas.

6. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title...a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).

7. Walmart is incorporated under the laws of the State of Delaware, and its principal place of business is located in Bentonville, Arkansas. Walmart is not a citizen of the State of Ohio. *See* 28 U.S.C. § 1332(c)(1).

8. Thus, Plaintiff and Walmart are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

## The Amount In Controversy Exceeds $75,000

9. The notice of removal may assert the amount in controversy if Plaintiff's initial pleading seeks a judgment, but the State practice permits recovery of damages in excess of the amount demanded and removal of the action is proper on this basis if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2)(A), (B).

10. Plaintiff has requested judgment "for the amount owed in excess of $25,000.00," for past and future economic and non-economic compensatory damages, including but not limited to pain and suffering, back pay, front pay, fringe benefits, consequential damages, special damages, incidental damages, punitive damages, interest, attorneys' fees, expenses, all fees and costs. (*See generally*, Compl.)

11. At the time of his separation from the employment of Walmart, Plaintiff's salary was over $136,000 annually. Along with other categories of damages, Plaintiff's prayer for

damages seeks back pay from his termination in or about April 2022. Plaintiff's prayer for back pay alone exceeds the $75,000 threshold, notwithstanding the other damages he is claiming.

12. The Northern District of Ohio has instructed that "[a]s long as state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *McMahon v. Alt Claims Serv., Inc.*, 521 F.Supp.2d 656, 660 (N.D. Ohio 2007) (internal quotation marks omitted).

13. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a), (c).

14. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

## Venue And Notice

15. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. Promptly upon the filing of this Notice of Removal, Walmart shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Court of Common Pleas, Cuyahoga County, Ohio, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. § 1446(d). A copy of this notice is attached hereto at Exhibit B.

## Conclusion

17. Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

18. Should Plaintiff seek to remand this case to state court, Walmart respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Walmart asks that the Court retain

jurisdiction and allow Walmart to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Walmart requests that the above-described action pending against it be removed to this Court. Walmart also requests all other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ Jo A. Tatarko*
Kerin Lyn Kaminski (0013522)
Jo A. Tatarko (0082062)
PEREZ & MORRIS, LPA
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
Email: kkaminski@perez-morris.com
jtatarko@perez-morris.com
***Counsel for Defendant Walmart Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 23rd day of February, 2023, I caused to be served the foregoing *Notice of Removal* via e-mail and this Court's Electronic Filing System (ECF) upon the following:

Daniel P. Petrov
Thorman Petrov Group Co., LPA
20046 Walker Road
Shaker Heights, OH 44122
Telephone: 216-621-3500
Facsimile:  216-621-3422
Email:  dpetrov@tpgfirm.com
*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　*/s/ Jo A. Tatarko*
　　　　　　　　　　　　　　　　　　　　　Jo A. Tatarko (0082062)
　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Walmart Inc.*